UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hampton P. Bradshaw; | C/A No.  5:12-1078-TMC-KDW |
| Plaintiff, | |
| v. | |
| | Report and Recommendation |
| Dr. James Helems; Cpt Arlette Jones; Cpt B Ham; Wally Hampton; Nurse Karen Langston; Nurse Major; Nurse K. Brown; and Nurse Norris, | |
| Defendants. | |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter is before the court on Defendants' Motion for Summary Judgment filed on October 25, 2012. ECF No. 56.  As Plaintiff is proceeding pro se, the court entered an order on October 26, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. ECF No. 57.  Plaintiff responded to Defendants' Motion for Summary Judgment on December 3, 2012 and Defendants replied on December 12, 2012.  ECF Nos. 61, 62.  This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.  Because this motion is dispositive, a Report and Recommendation is entered for the court's review.

I.     Factual Background

Plaintiff Hampton P. Bradshaw ("Plaintiff") is an inmate currently incarcerated at Kirkland Correctional Institution.  During the time period relevant to his Complaint, Plaintiff

1

was a pre-trial detainee housed at Anderson County Detention Center ("ACDC").  ECF No. 12-1 at 2.   Plaintiff filed his initial Complaint on April 23, 2012.  ECF No. 1.  He submitted an Amended Complaint on May 18, 2012, which the court permitted to be filed and served.  ECF No. 12-1.  Plaintiff's complaints allege constitutional and other violations against Defendants for deprivation of mail and deliberate medical indifference in violation of the U.S. Constitution and state law claims for medical malpractice and gross negligence to his medical needs.  ECF No. 12-1 at 1.  Specifically, Plaintiff contends that he contracted scabies in June 2011 and that his condition was misdiagnosed and improperly treated for several months.  *Id.* at 12-38.  Plaintiff asserts that Defendant Dr. James Helems[1] showed deliberate indifference "to Plaintiff's condition by failing to take skin samples, or refer him to a street hospital."  *Id.* at 43.  Plaintiff also contends that Defendant Hellams was deliberately indifferent when he told "Plaintiff his condition was due to nerves, bad air, and molded bread knowing he had a serious condition than he described."  *Id.*  Plaintiff also argues that Dr. Hellams committed gross negligence and medical malpractice by "prescribing Plaintiff Predizone, Benadryl, and Ketoptofen while knowing the aforesaid doesn't cure/or treats scabies disorder."  *Id.*  Plaintiff contends that Defendants Nurse Karen Langston, Nurse K. Brown, Nurse Major, Nurse Norris, and Wally Hampton (collectively referred to by Plaintiff as "Medical Defendants") failed to reasonably respond to Plaintiff's condition and "continued to den[y] Plaintiff's sick call complaints, and advis[ed] ACDC staff Plaintiff didn't have scabies" which delayed Plaintiff's treatment.  *Id.* at 44.  Plaintiff argues that Defendants Cpt. Arlette Jones and Cpt. B. Ham have supervisory liability because they deprived him of mail when they refused to notify Internal Affairs of their officers' "mishandling of mail, and their involvement of tampering with Plaintiff's mail, and failing to respond to Via U.S. mailed grievances."  *Id.* at 45.  Plaintiff also alleges that

---

[1] The correct spelling of the doctor's surname is Hellams.  *See* Hellams Aff., ECF No. 56-2.

Defendants Jones and Ham failed "to correct the misconduct and encourage[ed] the continuation of the misconduct" of Defendants Hellams, Langston, Brown, Major, Norris, and Hampton. *Id.* Plaintiff requests declaratory relief; preliminary and permanent injunctions; compensatory damages in the amount of $55,000 against Defendants Hellams, Langston, Brown, Major, Norris, and Hampton; compensatory damages in the amount of $40,000 against Defendants Jones and Ham; punitive damages in the amount of $30,000 against Defendants Hellams, Langston, Brown, Major, Norris, and Hampton; punitive damages in the amount of $20,000 against Defendants Jones and Ham; jury trial; and costs.  *Id.* at 46-49.

    II.      Standard of Review

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *see also Haines v. Kerner*, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387 (4th Cir. 1990).  Nor can the court assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  The movant "bears the initial burden of pointing to the absence of a genuine issue of material fact."  *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the movant carries its burden of showing there is an absence of evidence to support a claim, then the plaintiff must

3

demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. 477 U.S. at 324-25. An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the plaintiff. *Anderson*, 477 U.S. at 248. Issues of fact are "material" only if establishment of such facts might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of the plaintiff's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23. Moreover, a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson*, 477 U.S. at 251.

   III.   Analysis

      A. Deprivation of Mail

   Defendants argue that they are entitled to summary judgment on Plaintiff's deprivation of mail claim because Plaintiff has failed to establish that he suffered a constitutional injury due to the alleged delay or non-delivery of his legal mail. ECF No. 56-1 at 7. In response to this argument, Plaintiff contends that ACDC's policies required him to mail his grievances to the ACDC facility and Defendants Ham and Jones "fail[ed] to respond or otherwise answer grievances." ECF No. 61-1 at 18. Plaintiff contends that these actions constitute a deprivation of mail. *Id.* Although couched as a claim for deprivation of mail, Plaintiff's factual allegations actually concern Defendants Ham and Jones' failure to respond to his grievances. This type of claim is not cognizable in a § 1983 action. Inmates do not have a constitutionally protected right to a grievance procedure within the prison system under the First Amendment, the Due Process Clause, or any other statute. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (finding "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Even if the Court were to assume for purposes of summary

4

judgment that Defendants violated ACDC's polices in their handling of Plaintiff's grievances, the violation of such policies also does not constitute a violation of Plaintiff's constitutional rights, and cannot be asserted in a § 1983 action. *See Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992); *Johnson v. S.C. Dep't of Corrections*, No. 06-2062-CMC-JRM, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) ("Plaintiff's allegation that Defendants did not follow their own policies fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation."). Accordingly, the undersigned recommends that this claim be dismissed.[2]

### B.  Deliberate Indifference to Medical Needs

Defendants contend that they are entitled to summary judgment on Plaintiff's medical indifference claim because Plaintiff has failed to offer facts "sufficient to constitute deliberate indifference to his medical needs." ECF No. 56-1 at 8. Defendants allege that Plaintiff "was seen multiple times regarding his skin condition which ultimately resolved as a result of his treatment." ECF No. 56-1 at 8. Defendants contend that although Plaintiff complains that Dr. Hellams did not immediately recognize that his skin condition was scabies, Plaintiff concedes that "after Dr. Hellams initial course of treatment did not provide relief; Hellams did treat for scabies and the Plaintiff's condition resolved." *Id.* at 9; ECF No. 56-2. Defendants contend that Plaintiff's medical records show that Plaintiff was seen by Dr. Hellams for his skin condition on August 15, September 6, September 23, and October 1, 2011, and that Plaintiff was administered medications during this timeframe and the treatment was ultimately successful. ECF No. 56-3. Defendants further argue that Plaintiff does not allege any injury as a result of ACDC's treatment

---

[2] Plaintiff has also failed to offer any evidence to support a claim for deprivation of legal mail. Plaintiff has not offered any evidence that Defendants Ham and Jones' alleged failure to respond to his grievances hindered his efforts to pursue a legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996)(finding that an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded" to state a cognizable claim for denial of access to courts).

"other than suffering the symptoms associated with his condition" and that Plaintiff has not alleged any serious or life-threatening consequences as a result of his medical care. ECF No. 56-1 at 9-10. Plaintiff avers that Defendants' motion for summary judgment should be denied because his "condition was so obvious that the defendants must either [have known] about it or [were] purposefully ignoring it." ECF No. 61-1 at 12-13. Plaintiff contends that the medical defendants knew he was being "deprived and harmed" and did not respond reasonably." *Id.* at 19. Plaintiff further argues that he sustained bruises and sores on his body and the loss of "tremendous amounts of sleep" due to the Defendants' omissions. *Id.*

Plaintiff's claims are analyzed through the lens of the due process clause of the Fourteenth Amendment. "[A] pretrial detainee, not yet found guilty of any crime, may not be subjected to punishment of any description." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). "[P]retrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001)(citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243-44 (1983) and *Hill*, 979 F.2d at 991-92. Therefore, the standards applied in Eighth Amendment condition of confinement cases are essentially the same as those in cases arising under the Fourteenth Amendment for pretrial detainees. *See Hill*, 979 F.2d at 991; *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988)(citations omitted). "In this context, the due process clause mandates the provision of medical care to detainees who require it." *Hill,* 979 F.2d at 991.

To prevent the entry of summary judgment on a cause of action for deliberate indifference to medical needs, Plaintiff must present evidence sufficient to create a genuine issue of fact that Defendant was deliberately indifferent to his serious medical need. *Farmer v.*

6

*Brennan*, 511 U.S. 825, 832-35 (1994); *Wilson v. Seiter,* 501 U.S. 294, 297 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Deliberate indifference to a serious medical need requires proof that each Defendant knew of and disregarded the risk posed by the Plaintiff's objectively serious medical needs. *Farmer*, 511 U.S. at 837. An assertion of mere negligence or malpractice is not enough to state a constitutional violation, plaintiff must allege and demonstrate "[deliberate indifference] … by either actual intent or reckless disregard." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). In other words, a plaintiff must allege facts demonstrating that defendant's actions were "[s]o grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier*, 896 F.2d at 851. The Fourth Circuit defines a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreye*, 535 F.3d 225, 241 (4th Cir. 2008). A medical condition is also serious if a delay in treatment causes a lifelong handicap or permanent loss. *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). The undersigned finds that Plaintiff has not offered any evidence that would support a finding that his scabies condition constituted a serious medical need, or that Defendants intentionally or with reckless disregard ignored the risk posed by Plaintiff's condition. Further, the record before the court reveals that Plaintiff was treated for his rash on multiple occasions and ultimately received appropriate treatment for his scabies condition. Although Plaintiff may disagree with the amount of treatment received or object to the medical staff's attitude towards him, such allegations do not constitute a constitutional deprivation. *See Brown v. Thompson*, 868 F.Supp. 326 (S.D.Ga. 1994)(finding that although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary).

Plaintiff argues that Defendants are not entitled to summary judgment because "Dr. Hellams did not immediately recognize [Plaintiff's] skin condition as scabies." ECF No. 61-1 at 12. Under some circumstances, a significant delay in medical treatment may give rise to a constitutional violation. *Webb v. Hamidullah*, 281 Fed. Appx. 159, 166 (4th Cir. 2008). "An Eighth Amendment violation only occurs, however, if the delay results in some substantial harm to the patient." *Id. See also Wood v. Housewright,* 900 F.2d 1332,1335 (9th Cir. 1990) (finding that a mere delay in treatment does not constitute a violation of the Eighth Amendment unless the delay causes substantial harm). Substantial harm may be most persuasively demonstrated where the delay in treatment causes further injury to the inmate, but the requirement may also be met where the delay causes unnecessarily prolonged pain and suffering. *Webb v. Driver*, 313 Fed. Appx. 591, 593 (4th Cir. 2008). The undersigned finds that Plaintiff's allegations concerning the delay in treatment do not rise to the level of "substantial harm" necessary to make the delay actionable. The undersigned recommends that Defendants be granted summary judgment on Plaintiff's medical indifference claim.

    C. Qualified Immunity

Defendants contend that they are entitled to qualified immunity on Plaintiff's claims. ECF No. 56-1 at 12-13. The Supreme Court in *Harlow v. Fitzgerald* established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. 800, 818 (1982).

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 230-33 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301-03 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case—that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted—then the law affords immunity from suit." *Id.* (citations and internal quotation omitted).

The record before the court shows that these Defendants performed the discretionary functions of their respective official duties in an objectively reasonable fashion. Defendants did not transgress any statutory or constitutional rights of Plaintiff that they were aware of in the exercise of their respective professional judgments. Thus, to the extent the district judge finds that a constitutional violation occurred, the undersigned recommends that these Defendants be granted qualified immunity.

### D.  State Law Claims

Plaintiff also alleges claims for gross negligence and medical malpractice in violation of state law. Having found that Defendants are entitled to summary judgment regarding Plaintiff's constitutional claims, it is recommended that the court decline to exercise supplemental jurisdiction over any claim for relief asserted pursuant to state law. *See* 28 U.S.C. § 1367(c)(3).

IV.     Conclusion and Recommendation

Based on the foregoing, it is recommended that the Defendants' Motion for Summary Judgment, ECF No. 56, be granted and that this case be dismissed.

IT IS SO RECOMMENDED.

March 20, 2013                                             Kaymani D. West
Florence, South Carolina                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**