IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Hampton P. Bradshaw, ) | |
| ) | Civil Action No. 5:12-1078-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Dr. James Hellams[1]; Cpt. Arlette Jones; ) | |
| Cpt. B. Ham; Wally Hampton; Nurse ) | |
| Karen Langston; Nurse Major; Nurse ) | |
| K. Brown; and Nurse Norris, ) | |
| ) | |
| Defendants. ) | |
| ) | |

      The plaintiff, Hampton P. Bradshaw ("Bradshaw") brought this action, pro se, pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his Eighth and Fourteenth Amendment rights. Specifically, Bradshaw claims that the defendants were deliberately indifferent to his medical needs and deprived him of his mail. In addition, Bradshaw asserted state law claims for medical malpractice and gross negligence to his medical needs. The defendants moved the court for summary judgment on multiple grounds, including Bradshaw's failure to state a § 1983 claim and the defendants' entitlement to qualified immunity. (Dkt. No. 56.) Bradshaw opposed the defendants' motion, and supported his response with his own affidavit and declarations from other detainees. (Dkt. No. 61.)

      Pursuant to 28 U.S.C. § 636(b) and District of South Carolina Local Civil Rule 73.02(B)(2), this case was referred to a magistrate judge for all pre-trial proceedings. This matter is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant the defendants' motion for summary judgment

---

[1] The original caption incorrectly spells Dr. Hellams's name as "Helems."

because Bradshaw has failed to show a constitutional violation to support his § 1983 claim and because the defendants are entitled to qualified immunity.[2] (Dkt. No. 67.)

Bradshaw objects to all aspects of the Report. (Dkt. No. 69.) But, his only specific objection relates to his claim for deliberate indifference to his medical needs. Unfortunately, while the court is sympathetic to Bradshaw's past medical troubles, it finds that Bradshaw's objections do not provide it with reason to reject the Report.

I. Background

At all times relevant to his complaint, Bradshaw was a pre-trial detainee at Anderson County Detention Center. While in pre-trial detention, in June of 2011, Bradshaw contracted scabies. On July 7, 2011, Bradshaw filed a grievance, complaining that his cell mate had scabies and that his skin also itched. Prison personnel responded to the grievance, informing Bradshaw that the proper channel for addressing his issue was through a sick call request. Bradshaw complied and submitted a sick call request on August 12, 2011. On August 15, 2011, he saw Dr. Hellams, who thought the rash presented as an allergic reaction and prescribed prednisone. Prison staff properly administered the prednisone to Bradshaw. On August 25 and 27, 2011, Bradshaw again requested sick call, complaining that the rash was back. Dr. Hellams saw Bradshaw on September 6, 2011, again opined that the rash was an allergic reaction, and prescribed additional allergy and pain medications. When those medications failed to provide relief, Dr. Hellams changed his diagnosis to scabies and treated Bradshaw's condition accordingly. As a result of the treatment, Bradshaw's scabies resolved.

---

[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Bradshaw contends that Dr. Hellams's original misdiagnosis constitutes deliberate indifference to a serious medical need, giving rise to his § 1983 claim against Dr. Hellams and other prison medical personnel. Bradshaw claims that the scabies condition was "so obvious that a lay person could've known he had a serious medical condition," but the defendants' purposefully ignored it, resulting in prolonged pain and suffering. (Dkt. No. 69, pp. 5-6.) To support his argument, Bradshaw offers the declarations of fellow detainees who witnessed his condition and his interactions with medical personnel.

## II. Legal Standard

"In order to establish a claim of deliberate indifference to medical need, the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Martin v. Gentile*, 849 F.2d 863 (4th Cir. 1988). Additionally, the claimant must show that "the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." *Young v. City of Mount Ranier*, 238 F.3d 567, 576 (4th Cir. 2001). This standard clearly requires the claimant to show more than mere negligence on the part of the defendants, s*ee Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and more than a disagreement with the defendants over the claimant's course of treatment, *see Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). In the Fourth Circuit, to prevail, the claimant's treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citations omitted).

### III. Discussion

Bradshaw does not present any evidence that the medical personnel acted inadequately or incompetently, nor has he shown that anyone ignored or disregarded his condition. While Bradshaw is clearly upset that Dr. Hellams did not recognize his condition as scabies earlier in his treatment, the fact is, Dr. Hellams treated Bradshaw, applied his medical knowledge to the situation, and ultimately resolved his condition. Bradshaw's disagreement with Dr. Hellams's course of treatment does not rise to the level of a claim of deliberate indifference to a serious medical need, and, therefore, cannot support a claim under § 1983. In light of this determination, the court finds it unnecessary to address the issue of qualified immunity.

### IV. Conclusion

Accordingly, after a full review of the record in this case, including the complaint, the defendants' motion for summary judgment and responsive briefing, the Report, and Bradshaw's objections to the Report, the court adopts the Magistrate Judge's recommendation. Therefore, the defendants' motion for summary judgment (Dkt. No. 56) is GRANTED.

IT IS SO ORDERED.

s/Timothy M. Cain
Timothy M. Cain
United States District Court Judge

April 11, 2013
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.